UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN E. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 4:18-CV-24-TAV-CHS |
| | ) |
| UNIT MANAGER BUDDY DAVIS, | ) |
| CCO SAMANTHA WALKER, and | ) |
| SGT. NICOLE BROOKS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 1]. For the reasons discussed below, this action will proceed as to Plaintiff's Eighth Amendment claims against Defendants Davis, Walker, and Brooks.

**I.    BACKGROUND**

Plaintiff, currently in custody at the Morgan County Correctional Complex ("MCCX"), filed this complaint under 42 U.S.C. § 1983 on February 12, 2018, in the United States District Court for the Middle District of Tennessee [Doc. 1]. On March 20, 2018, the Middle District transferred Plaintiff's case to the "United States District Court of the Eastern District of Tennessee, Northern Division at Knoxville" [Doc. 5 p. 3]. Prior to transfer, the Middle District granted Plaintiff's request to proceed *in forma pauperis*, but did not screen the complaint pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 5]. On April 17, 2018, the Court granted Plaintiff's motion in opposition to the transfer [Doc. 8], and transferred his case to the Winchester Division of this District [Doc. 9].

Plaintiff's complaint alleges violations of his civil rights during his confinement at the Bledsoe County Correctional Complex ("BCCX") [Doc. 1 p. 3]. Plaintiff brings suit against three BCCX staff members in their individual capacities—Defendants Davis, Walker, and Brooks [*Id.*]. Plaintiff alleges that on August 18, 2017, he was assigned to a cell on the second floor at BCCX [*Id.* at 3]. Plaintiff then informed CCO Walker and Unit Manager Davis that he has suffered seizures in the past, and requested to be placed on the first floor [*Id.* at 4]. Defendants Walker and Davis refused to move Plaintiff, despite Plaintiff's request that they call the clinic to confirm his request [*Id.*]. Plaintiff then asked Sergeant Brooks for help, but Defendant Brooks also refused to move Plaintiff's assignment [*Id.*].

Next, on August 19, 2017, Plaintiff claims that he "went head first down 15 steps . . . [and] was rushed from the pod to the ER" [*Id.*]. Further, Plaintiff alleges that "[w]hen [he tried] to see medical after the accident, [he] was never seen" [*Id.*]. Plaintiff claims that Defendants Davis, Walker, and Brooks' "fail[ure] to provide [him] a cell assignment consistent with [his] severe medical condition . . . which they were, or should have been aware [of]" resulted in his fall and severe injuries [*Id.*]. Further, Plaintiff claims that Defendants "were clearly aware that [he] was already having to utilize a cane due to a [prior] severe leg injury" [*Id.*]. As a result of the fall, Plaintiff alleges that he has suffered severe pain to his head and legs, as well as a back injury which causes him to be confined to a wheel chair [*Id.*].

## II. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

**B.     Deliberate Indifference Claims**

Plaintiff's claims that Defendants Davis, Walker, and Brooks disregarded his need for a different housing assignment are properly brought under the Eighth Amendment. *See Robbins v. Black*, 351 F. App'x 58, 61 (6th Cir. 2009) (assessing claims of failure to make a medically appropriate bunk assignment under the Eighth Amendment). A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). An Eighth Amendment claim is composed of two parts: an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The

objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. The subjective component requires an inmate to show a prison official possessed a culpable state of mind—one of "deliberate indifference." *Id.* "Put simply, 'deliberate indifference' to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Johnson v. Karnes,* 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 836).

Plaintiff alleges that Defendants Davis, Walker, and Brooks were all aware of his serious medical need for a room assignment on the first floor, due to Plaintiff's risk of seizures and walking with a cane, and then disregarded that risk [Doc. 1 p. 4]. Further, Plaintiff claims that his injuries occurred because of the Defendants' failure to ensure that he was placed in a room on the first floor [*Id.*]. Therefore, the Court finds that Plaintiff has stated a non-frivolous Eighth Amendment claim against Defendants Davis, Walker, and Brooks. *See, e.g.*, *Gore v. Core Civic Inc.*, No. 3:17-01082, 2017 WL 3454402, at *4 (M.D. Tenn. Aug. 11, 2017) (finding that plaintiff stated "non-frivolous deliberate indifference claims" based upon correctional officers deliberate indifference to plaintiff's bunk placement).

### III. CONCLUSION

For the reasons set forth above, this action will proceed as to Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Davis, Walker, and Brooks.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Davis, Walker, and Brooks. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to timely return the completed service packet could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, judgment by default may be entered against him.

Plaintiff is **ORDERED** to immediately inform the Court and any Defendants or their counsel of record of any address changes in writing. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE